## Rogers v. Wallace.

EVIDENCE—BURDEN OF PROOF.—An instruction to the jury that "the burden of proof is on the plaintiff; he has the laboring oar, and the evidence on his side must preponderate; if the evidence is equally balanced the defendant is entitled to a verdict," is not necessarily a fatal misdirection, even though a complete affirmative defense is set up in the answer, and put in issue by the reply. In the absence of any application, on the part of the plaintiff, for more specific instructions upon the point, and of any specific exception on the ground of its generality, this court will presume, on appeal, that such instruction was intended and understood, by all parties at the trial, to apply only to the affirmative allegations in the complaint, and could not, therefore, have misled the jury.

APPEAL from Multnomah County.

*J. C. Moreland,* for appellant.

*H. T. Bingham,* for respondent.

By the Court, Watson, C. J.:

This action was brought to recover a balance of two hundred dollars claimed to be due on a building contract. The original contract was in writing, but the complaint alleges a subsequent parol modification in respect to the manner of finishing the window-blinds, and performance accordingly. The answer denies the alleged subsequent modification and performance, and sets up as a separate defense the failure of the plaintiff to comply with the original contract in regard to said blinds, and an agreement between him and the defendant, made after such failure, that the defendant should pay the plaintiff thirty dollars for extra work, and all the contract price, except said sum of two hundred dollars, which he was to retain until the plaintiff should remove the window-blinds he had placed upon the building, and replace them by new blinds properly made, varnished, &c.; and that defendant made the payments accordingly, but plaintiff has not performed, nor offered to perform, his part of such new agreement. These allegations in the answer are put in issue by the reply.

The cause having been submitted to a jury, a verdict was returned for the defendant, upon which judgment was regularly entered in his favor. The plaintiff has appealed from this judgment, assigning as errors certain instructions given the jury at the trial. These instructions are four in number, but as the correctness of the first three must be determined, as respondent's counsel have aptly suggested in their brief, from an examination of the terms of the contract, rather than from a consideration of any legal principle involved, little need be said respecting them except that they seem entirely consistent with its provisions.

The parties having seen fit to stipulate in express terms that the appellant should finish the window-blinds "in the

best and most workmanlike manner," and that they should be " fresh and clean upon completion of the building," these particular specifications taken altogether must be regarded as of the very substance of his undertaking, and not to be omitted in a substantial performance. And, as we understand the instruction upon which this question arises, it goes no farther than this, *i. e.*, that a failure in respect to all these particulars would bar a recovery on the contract. The principal contention here, however, is over the fourth instruction. It is in these words: " In this cause the burden of proof is on the plaintiff. He has the laboring oar, and the evidence on his side must preponderate. If the evidence is equally balanced, the defendant is entitled to a verdict."

It is manifest that if this instruction applies to every material issue in the case, it embodies a fatal error, as the bill of exceptions shows that the only evidence introduced at the trial, as to the affirmative allegations in the answer, was the testimony of the appellant and respondent, each in his own behalf, which was in direct conflict, without any attempt at corroboration or impeachment on the part of either. But it does not expressly so apply, and may well be limited to the affirmative allegations in the complaint, which are denied in the answer. The court below could have intended no more than this, and in the absence of any application on the part of the appellant for more specific instructions upon the subject, and of any specific exception to the instruction on the ground of its generality, we are warranted in presuming, on appeal, that the limitations upon its applicability above suggested, must have been understood and acquiesced in by all parties on the trial, and that it could not therefore have misled the jury to the appellant's detri-

ment.   The case of *Bain* v. *Doran*, 54 Penn. St., 124, cited by counsel for respondent, clearly supports this principle.

Judgment affirmed.